UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROLAND PELLETIER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:22-cv-00297-JDL |
| ) | |
| STATE OF FLORIDA DEPT. ) | |
| OF HEALTH, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, who is currently an inmate in a Florida jail, complains about the conditions of his confinement. (Complaint, ECF No. 1.) He has joined various Florida public officials and entities as defendants. Plaintiff asserts his claim pursuant to 42 U.S.C. § 1983. (Complaint at 3.)

Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint.

**DISCUSSION**

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Furthermore, 28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because 42 U.S.C. § 1983 contains no venue provision, the appropriate venue is determined by reference to 28 U.S.C. § 1391(b), which states:

> A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Parker v. Barbie*, No. 14-800, 2014 WL 1820049, at *1, 2014 U.S. Dist. Lexis 62431 (E.D. La. May 6, 2014).

A review of Plaintiff's complaint reveals that Plaintiff has not alleged that any of the parties or the circumstances giving rise to his claim have any connection to Maine. Instead, Plaintiff's claim is based on the conditions of his confinement in a state or county jail in Florida. The District of Maine is not the proper venue for the matter.

"Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (unpublished). At the time he filed the complaint, Plaintiff did not pay the filing fee or file a motion to proceed without prepayment of fees and costs. The Court, therefore, ordered Plaintiff to pay the fee or file a motion to proceed without prepayment of fees and costs by October 18, 2022. (Order Regarding Filing Fee, ECF No. 2.) When Plaintiff failed to do so, the Court ordered Plaintiff to show cause as to why he failed to comply with the Court's order by November 10, 2022. (Order to Show Cause, ECF No. 3.) The Court informed Plaintiff that if he failed to show cause, the Court could dismiss the matter. (*Id.*) To date, Plaintiff has failed to show cause, pay the filing fee, or file a motion to proceed without prepayment of fees and costs. Under the circumstances, dismissal is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.[1]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[1] If the Court adopts the recommendation, the order to show cause and Plaintiff's motion for order (ECF No. 4) would be moot.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of November, 2022.